■ DAVIS INFORMATION GROUP, INC., Doing Business as THE NON PROFIT TIMES, Appellant, v HAROLD A. IFFT et al., Respondents. [657 NYS2d 425] —Appeal from a decision, Supreme Court, New York County (Herman Cahn, J.), dated April 19, 1996, is deemed an appeal from an order, entered the same date, which, *inter alia*, denied plaintiff's cross motion for summary judgment dismissing defendants' counterclaims and directed various disclosure, and, so considered, the order is unanimously affirmed, without costs.

Summary judgment dismissing defendants' counterclaims was properly denied since the written agreement between the parties is ambiguous, referring to defendants Ifft Associates and Mr. Ifft interchangeably, and plaintiff itself, which claims that its agreement was only with Ifft Associates, asserts that Ifft Associates was merely the alter ego of Mr. Ifft. Concerning disclosure, the issue of defendants' alleged sabotage of the computer files, which has lain dormant for over five years, is best left for trial, and the contemplated discovery that underlay the stipulated discontinuance of the proceedings before the Referee remains incomplete, notwithstanding numerous orders, due to dilatory conduct by plaintiff as much as by defendants. The balance of plaintiff's arguments is without merit. Concur—Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.

■ OMRAN FEILI, Respondent, v CITY OF NEW YORK et al., Appellants. [658 NYS2d 21] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 25, 1995, which, *inter alia*, denied defendants' cross motion for a protective order limiting questioning at deposition concerning certain assertedly confidential investigations, unanimously affirmed, without costs.

The court's order, which provides for an in camera review of any assertedly sensitive documents identified at the deposition to determine subsequent particularized objections by defendants to their disclosure, properly balanced the competing interests of the parties at this juncture of the litigation, and was otherwise a proper exercise of discretion (*see, Cirale v 80 Pine St. Corp.*, 35 NY2d 113, 118-119). Concur—Rosenberger, J. P., Ellerin, Rubin, Williams and Andrias, JJ.